**COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE**
KENT COUNTY COURTHOUSE
DOVER, DELAWARE 19901
PHONE: (302) 735-3900

**CHARLES W. WELCH, III**
    **JUDGE**

February 6, 2014

Adam M. Perza, Esq.
Lynn, May & Perza, P.A.
34 The Green
Dover, DE 19901
Attorney for Defendant

La Mar Gunn
2 Old North Road, #502
Dover, DE 19934
*Pro se* Plaintiff

RE:    La Mar Gunn v. Christine Blackmon
       C.A. No.: CPU5-13-000866

       Appellee's Motion to Dismiss

Dear Mr. Perza and Mr. Gunn,

    This matter involves an appeal from the Justice of the Peace Court filed by Appellant/Plaintiff Below, La Mar Gunn. Appellee/Defendant Below, Christine Blackmon, has filed a motion to dismiss the case. Mr. Gunn has filed a response to Ms. Blackmon's motion and a motion for summary judgment. Next, Ms. Blackmon filed a motion to strike Mr. Gunn's motion for summary judgment on the grounds that it was not ripe for consideration. Mr. Gunn responded by filing a response to Ms. Blackmon's motion to strike and a motion for sanctions.

    Procedurally, Mr. Gunn's motions are not ripe for the Court's consideration and are denied. Therefore, on January 10, 2014, the Court heard facts and argument limited to Ms. Blackmon's motion to dismiss and reserved decision. This correspondence constitutes the Court's decision denying Ms. Blackmon's motion to dismiss in part and granting it in part.

## FACTS

    Prior to the current dispute, Mr. Gunn and Ms. Blackmon were parties to two civil actions in the Justice of the Peace Court involving Ms. Blackmon's lease to Mr. Gunn of a residence

located in Dover, Delaware ("the property"). The following is a brief summary of the complex procedural history of this case.

On July 23, 2012, Mr. Gunn filed a complaint in the Justice of the Peace Court alleging negligence on the part of his landlord, Ms. Blackmon.[1] Mr. Gunn stated he suffered damages as a result of Ms. Blackmon's failure to cure the accumulation of black mold in the property.

On August 1, 2012, Ms. Blackmon initiated a summary possession suit for the property against Mr. Gunn and co-tenant, Tasheema Galarza ("Ms. Galarza"), in the Justice of the Peace Court.[2]

On September 7, 2012, the Justice of the Peace Court heard Ms. Blackmon's summary possession suit.[3] The Justice of the Peace Court issued Ms. Blackmon a writ of possession to the property in a stipulated judgment ("September 7th Stipulated Judgment") which was executed by both Mr. Gunn and Ms. Blackmon. The Justice of the Peace Court reserved the issue of damages to be heard during Mr. Gunn's negligence suit against Ms. Blackmon on September 11, 2012.

On September 11, 2012, the Justice of the Peace Court heard Mr. Gunn's negligence suit against Ms. Blackmon. The Justice of the Peace Court awarded Mr. Gunn a total of $20,765.99 in a stipulated judgment ("September 11th Stipulated Judgment") which was executed by both Mr. Gunn and Ms. Blackmon. The September 11th Stipulated Judgment included a provision stating "Mr. Gunn waives and releases any cause of action between himself, personal and real, and Ms. Blackmon."

On May 29, 2013, Mr. Gunn filed the present cause of action in the Justice of the Peace Court against Ms. Blackmon for her failure to return his security deposit and failure to repay unpaid third party expenses related to the property.[4] Ms. Blackmon filed an answer denying all liability and a motion to dismiss. The Justice of the Peace Court issued an order granting Ms. Blackmon's motion to dismiss following a hearing. The court held that the September 11th Stipulated Judgment entered into by Mr. Gunn and Ms. Blackmon barred Mr. Gunn from pursuing further cause of action against Ms. Blackmon.

---

[1] JP16-12-003835.

[2] JP16-12-004059.

[3] A default judgment was ordered against Ms. Galarza arising from her failure to appear at the hearing.

[4] JP16-13-003016.

Mr. Gunn appealed the Justice of the Peace Court's dismissal of his action against Ms. Blackmon to this Court. Mr. Gunn requests that this Court enter judgment in his favor in the amount of $4,200, plus interest. Ms. Blackmon filed the present motion to dismiss, pursuant to Court of Common Pleas Civil Rule 12(b)(6). Ms. Blackmon contends that Mr. Gunn is estopped from bringing any cause of action against her pursuant to the September 11th Stipulated Judgment entered at the Justice of the Peace Court. Mr. Gunn opposes Ms. Blackmon's motion to dismiss. He asserts that the September 11th Stipulated Judgment is unrelated to Ms. Blackmon's return of the security deposit.

## DISCUSSION

An appeal from a final judgment is reviewed by this Court *de novo*. *Davidson v. Robbins*, 2000 WL 33958583, at \*12 (Del. Com. Pl. July 25, 2000) (stating when a *judgment* is appealed "the entire cause of action from the trial court" is retried.); *see City of Wilmington v. Flamer*, 2013 WL 4829585, at \*5 (Del. Com. Pl. May 22, 2013) (stating "[t]he holding of *Ney* is limited to an appeal of a denial of a motion (or application) to vacate.").

In considering motions to dismiss filed pursuant to Court of Common Pleas Civil Rule 12(b)(6), "the Court must accept every well-pleaded allegation as true and draw all reasonable inferences in the non-movant's favor." *Walton v. DeShields*, 2013 WL 2325301, at \*1 (Del. Super. May 23, 2013). "The Court must deny the 12(b)(6) motion if 'plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof.'" *Id.* (citing *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).

Delaware's Residential Landlord-Tenant Code obligates a landlord to return either the full security deposit or an itemized list of damages and estimated cost of repair "[w]ithin 20 days after the *termination or expiration* of any rental agreement." DEL. CODE ANN. tit. 25, § 5514(f) (emphasis added). "Failure to remit the security deposit or the difference between the security deposit and the amount set forth in the list of damages within 20 days from the *expiration or termination of the rental agreement* shall entitle the tenant to double the amount wrongfully withheld." DEL. CODE ANN. tit. 25, § 5514(g)(1) (emphasis added).

In the present case, Ms. Blackmon contends that Mr. Gunn waived his *right* to return of the security deposit when he signed the September 11th Stipulated Judgment. The Court disagrees. The September 11th Stipulated Judgment stated Mr. Gunn "waives and releases any *cause of action* between himself, personal and real, and Ms. Blackmon." (emphasis added). Mr. Gunn did not waive his *right* to bring a claim for the return of his security deposit. Mr. Gunn only waived and released any currently accrued *cause of action* between himself and Mr. Blackmon when he signed the September 11th Stipulated Judgment.

Pursuant to title 25, section 5715 of the Delaware Code, if a landlord brings a successful action against a tenant for summary possession, the relationship between the landlord and tenant is terminated upon the court's issuance of a writ of possession. DEL. CODE ANN. tit. 25, § 5715. "The issuance of a writ of possession for the removal of a tenant cancels the agreement under which the person removed held the premises and annuls the relationship of the landlord and tenant." DEL. CODE ANN. tit. 25, § 5715(d).

The Justice of the Peace Court awarded Ms. Blackmon a writ of possession to the property on September 7, 2012, giving Ms. Blackmon 20 days to return the security deposit to Mr. Gunn or provide him with an itemized list of damages. Mr. Gunn's cause of action against Ms. Blackmon did not accrue until 20 days *after* September 7, 2012. Therefore, Mr. Gunn did not have a cause of action for return of the security deposit on September 11, 2012, when he signed the September 11th Stipulated Judgment waiving and releasing all causes of action against Ms. Blackmon. However, Mr. Gunn did have a cause of action against Ms. Blackmon for any third party expenses arising from repairs to the property on September 11, 2012. As a result, Mr. Gunn did waive his cause of action to recover any third party repairs from Ms. Blackmon when he signed the September 11th Stipulated Judgment.

## CONCLUSION

Mr. Gunn did not release his cause of action against Ms. Blackmon for return of the security deposit when he signed the September 11th Stipulated Judgment; however, Mr. Gunn did release his cause of action against Ms. Blackmon for third party expenses related to the property. Therefore, the Court concludes that Ms. Blackmon's motion to dismiss must be GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**

Sincerely,

Charles W. Welch, III

CWW: mek